**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
PRISCILLA BOYER,

                             Plaintiff,

              - against -

RIVERHEAD CENTRAL SCHOOL DISTRICT
and CHARLES VENEZIA and DAVID
LODDENGAARD and PHILIP KENT and
MARGUERITE VOLONTS,

                             Defendants.
----------------------------------------------------------X

**ORDER**

CV 05-4955 (SJF) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

I.    **BACKGROUND**

      Plaintiff alleges that on August 22, 2002, she, along with seven other candidates, interviewed with the Riverhead Central School District for three available music positions. *See* Compl. ¶ 13. On August 26, 2002, Plaintiff was notified that she was not hired for any of the positions. *See id.* at ¶ 22. Plaintiff alleges that the school failed to hire her because of her age and has brought claims under the Age Discrimination in Employment Act (ADEA), codified at 29 U.S.C. §§ 621-34, and NYS Executive Law § 296(6). *See id.* at ¶¶ 23-43.

      On January 17, 2006 Defendants' served an amended Rule 26(a) disclosure, including a two-page Common Policy Declaration and Supplemental Declaration for the insurance policy maintained by the Riverhead Central School District through its former insurance carrier, Specialty National Insurance Company. At the September 20, 2006 status conference before me, Plaintiff's counsel advised that Defendants' insurance information was incomplete since they did not provide the actual policy for inspection or copying as required by Fed. R. Civ. P. 26(a)(1)(D).

I directed Defendants' counsel to produce the insurance policy no later than October 3, 2006. On September 29, 2006, Defendants' counsel filed a letter, with five pages attached, consisting of: (i) a New York Schools Insurance Reciprocal (hereinafter "NYSIR") Premium Summary; (ii) a NYSIR Coverage Summary; (iii) a NYSIR Crime Coverage Quote for 2002-2003; and (iv) a NYSIR 2002-2003 Proposal.

By letter motion dated October 15, 2006 Plaintiff's counsel stated that the September 29, 2006 production was merely a "premium summary" and not the subject insurance policy which I ordered Defendants to produce. Plaintiff's counsel moved for an order compelling Defendants to produce a copy of the insurance policy. Plaintiff argues that Defendants' repeated production of their coverage summaries is insufficient under Fed. R. Civ. P. 26(a)(1)(D). Plaintiffs' counsel adds that Defendants' conduct warrants the imposition of sanctions. DE [29]

For the following reasons, Plaintiff's motion to compel is GRANTED.

## II. STANDARD OF REVIEW

A motion to compel is entrusted to the sound discretion of the district court. *American Savings Bank, FSB v. UBS Paine Webber, Inc., (In re Fitch, Inc.)*, 330 F.3d 104, 108 (2d Cir. 2003); *United States v. Sanders*, 211 F.3d 711, 720 (2d Cir. 2000). The Second Circuit has noted that this is because a "trial court enjoys wide discretion in it handling of pre-trial discovery, and its rulings with regard to discovery are reversed only upon a clear showing of an abuse of discretion." *DG Creditor Corp. v. Dabah*, (*In re DG Acquisition Corp.*), 151 F.3d 75, 79 (2d Cir. 1998) (citing *Cruden v. Bank of N.Y.*, 957 F.2d 961, 972 (2d Cir. 1992). A district court is considered to have abused its discretion "if it bases its ruling on a mistaken application of the law

or a clearly erroneous finding of fact." *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001).

**III.     DISCUSSION**

Fed. R. Civ. P. 26(a)(1)(D) provides that a party must, without awaiting a discovery request, provide to other parties, "for inspection and copying as under Rule 34 **any insurance agreement** under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment. *Id.* (emphasis supplied). As this Court has held, production of a copy of the actual policy is sufficient to satisfy Rule 26(a)(1)(D). *See Fireman's Fund Ins. Co.* v. *Cunningham Lindsey Claims Mgmt.*, No. 03-CV-531, 2005 WL 1522783, at *2 (E.D.N.Y. June 28, 2005). An inspection of the insurance agreement has also been held to be sufficient for the purposes of Rule 26(a)(1)(D). *See Calabro v. Stone*, 224 F.R.D. 532, 533 (E.D.N.Y. 2004) (citing Fed. R. Civ. P. 26(a)(1)(D)).

Defendants' counsel argues that the existing five-page production is sufficient because "it is clear from the documents provided to the Plaintiff by the Defendants that information is available to the Plaintiff's attorney to ascertain if the insurance policy that was in effect on August 22, 2002 for the Defendants would be able to satisfy part or all of a judgment or settlement which may be entered in the action." DE [30] Defendants' counsel also notes that "there is no other documentation that could be provided by the Defendants that would provide any additional information on the amount of insurance available to the Plaintiff to satisfy part or all of any judgment rendered or settlement." *Id.* Under New York law, neither delivery nor

actual possession of a policy or agreement by an insured is essential to completion of a contract. *Maurice v. Allstate Ins. Co.*, 570 N.Y.S.2d 654, 655 (N.Y. App. Div. 1991). Nonetheless, I find it difficult to comprehend how there can be no additional documentation governing the terms and duties for the complex types of coverage summarized in Defendants' 5 page submission, either from its former or current insurer. In addition, it is not the "amount of insurance," as defense counsel contends, that is relevant. Under Rule 26(a)(1)(D), Plaintiff is entitled to a copy of the Defendants' insurance ***agreement*** that may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment (emphasis supplied). The summaries provided to Plaintiff's counsel fall short of the requirements under Fed. R. Civ. P. 26(a)(1)(D). Clearly, the summaries provided are based upon a more expansive document which provides the specific details of the contract of insurance between Defendants and their carrier. No attorney has the prerogative to impose limitations on mandatory disclosures without the advance request for and ultimate permission of the Court. No such request has been made by these Defendants.

Defendants' are currently insured by a reciprocal insurer, a type of organization governed under Article 61 of New York State Insurance Law. New York State Insurance Law § 6106(a)(3)(F) mandates that each subscriber to a reciprocal insurer shall be provided with a subscriber's agreement which must include "provisions setting forth the rights, privileges and obligations of the subscriber as an underwriter, and as a policyholder subject to the terms of insurance contracts required or permitted by law to be issued." N.Y. INS. LAW § 6106(a)(3)(F) (McKinney 2006).

Therefore, Defendants' counsel is hereby ordered to produce a copy of any and all applicable insurance policies no later than January 6, 2007. If no insurance policy setting forth the detailed terms of coverage exists, which the Court finds highly improbable without further information from Defendants, Defendants' counsel is directed to provide an affidavit from a duly authorized and knowledgeable officer of either the New York Schools Insurance Reciprocal and/or the Specialty National Insurance Company stating that there are no policies or insurance contracts for any of the types of coverage delineated in the previously filed coverage summaries. Such affidavit is to be filed on ECF no later than January 10, 2007.

In his October 15, 2006 letter, Plaintiff's counsel states that "sanctions and a renewed order to produce the insurance policy as required under Rule 26(a)(1)(D) are warranted." DE [29] Simply stating that sanctions are warranted does not equate with affirmatively moving for sanctions to be imposed. Therefore, no motion for sanctions has been properly brought before me.

However, I further note that Defendants' counsel has not complied with my September 20, 2006 Order directing that the insurance policy be produced. Defense counsel's failure in this regard, in itself, may warrant the imposition of sanctions. Fed. R. Civ. P. 37(b) provides for the imposition of sanctions "if a party... fails to obey an order ... to provide or permit discovery, ... or fails to obey an order entered under Rule 26(f)." Fed. R. Civ. P. 37(b). Among the factors relevant to a court's exercise of its discretion to impose sanctions are: (1) the wilfulness of the non-compliant party or the reason for the noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the non-compliance, and (4) whether the non-compliant party has been warned of the consequences of non-compliance." *Burgie v. Euro Brokers, Inc.*, No. 05-CV-968, 2006 WL

845400, at *12 (E.D.N.Y. Mar. 30, 2006) (citing *Bambu Sales, Inc. v. Ozak Trading, Inc.*, 58 F.3d 849, 852-854 (2d Cir. 1995)). No particular factor is dispositive and "sanctions must be weighed in light of the full record of the case." *Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1068 (2d Cir. 1979) (citing *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642 (1976)). Therefore, Defendants shall have until January 10, 2007 to show cause why sanctions should not be imposed based on Defendants' failure to comply with my Order of September 20, 2006. Any continued failure to comply with the Orders of this Court will result in the imposition of sanctions.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion to compel is granted.

**SO ORDERED.**

Dated: Central Islip, New York
December 29, 2006

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge