**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
PRISCILLA BOYER,

         Plaintiff,

   - against -

RIVERHEAD CENTRAL SCHOOL DISTRICT,
CHARLES VENEZIA, DAVID LODDENGAARD,
PHILLIP KENT, and MARGUERITE VOLONTS,

         Defendants.
----------------------------------------------------------X

**ORDER**

CV 05-4955 (SJF) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I.** **PRELIMINARY STATEMENT**

  This is an age discrimination case brought under the Age Discrimination in Employment Act (ADEA), codified at 29 U.S.C. §§ 621-34 and NYS Executive Law § 296(6). Plaintiff alleges that on August 22, 2002 she, along with seven other candidates, was interviewed by the Riverhead Central School District for three available music positions. *See* Compl. ¶ 13. At the time of the interview, Plaintiff was 61 years of age. *See id.* In their Answer, Defendants "deny knowledge or information sufficient to form a belief" as to this allegation. *See* Ans. ¶ 4. They generally deny any claim that they discriminated against Plaintiff and state that "all actions undertaken by Defendants, with respect to Plaintiff were undertaken for non-discriminatory reasons." *See* Ans. ¶ 16.

  The allegations set forth in the Complaint do not contain any specific facts about the interview process other than that Plaintiff was "asked to provide dates as to her prior employment." Compl. ¶ 21. On August 26, 2002, Plaintiff was notified that she was not hired for

any of the positions. *See* Compl. ¶ 22. Plaintiff alleges that she was not only more qualified than those who received offers, but more qualified than all other candidates who interviewed for the position. *See* Compl. ¶¶ 16-17.

Defendants now contend that Plaintiff did not apply for all three available teaching positions, but rather only for the elementary school music teacher position at Pulaski Street Elementary School. By letter motion, Defendants move for a protective order limiting discovery to the single elementary school music teacher position offered at Pulaski Street Elementary School [DE 25]. In support of their application, Defendants have provided the Affidavit of David Loddengaard,[1] head of the music department for Riverhead Central School District and documentary evidence in the form of a July 21, 2002 advertisement for "General Music/Vocal and/or Strings (Elementary)" and Plaintiff's August 22, 2002 job application. Plaintiff's counsel filed opposition which includes the transcript of Plaintiff's testimony taken on February 14, 2003, pursuant to N.Y. General Municipal Law § 50(h),[2] as well as certain documentary evidence and pedigree information which appear to have been marked for identification and used as exhibits at Plaintiff's § 50(h) hearing. Notably, with the exception of two cases cited by Plaintiff's counsel, the parties have provided no caselaw to support their respective positions.

After carefully reviewing the materials submitted and for the reasons set forth below, Defendants' motion for a protective order is DENIED.

---

[1] All subsequent references to the Affidavit of David Lodengaard hereinafter cited as "Lodengaard Aff. ¶ _____."

[2] All subsequent references to Transcript of Plaintiff's deposition taken pursuant to N.Y. General Municipal Law § 50(h) hereinafter cited as "Tr. at ___."

2

**II.    STANDARD OF REVIEW**

Upon motion Fed. R. Civ. P. 26(c)(4) permits the Court to issue a protective order limiting the scope of discovery or disclosure. *See United States v. New York City Bd. of Educ.*, No. 96-CV-374, 2005 WL 1949477, at *1 (E.D.N.Y. Aug. 15, 2005). Specifically, Rule 26(c)(4) provides,

> Upon motion by a party or by the person from whom discovery is sought... the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following... (4) that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters.

Fed. R. Civ. P. 26(c)(4).

In deciding whether to issue a protective order, courts utilize a two-part balancing test. *Apex Oil Co. v. DiMauro*, 110 F.R.D. 490, 496 (S.D.N.Y. 1985) (citing *Kaufman v. Edelstein*, 539 F.2d 811, 821 (2d Cir. 1976)). Under the rubric of this balancing test, the discovering party's need for the information is balanced against the moving party's potential injury in having that information disclosed. *See Apex Oil Co.*, at 496 (citing *Buckley v. Valeo*, 424 U.S. 1, 64-65, 96 S.Ct. 612, 656-659, 46 L.Ed.2d 659 (1979)).

**III.    DISCUSSION**

Defendants argue that Plaintiff should not be permitted to obtain discovery to support her allegation that she applied for three music positions which were available in the Riverhead

3

Central School District during the summer of 2002 because the end result "would amount to a fishing expedition." [DE 25] Additionally, defense counsel notes that "no proof has been offered by the Plaintiff that she was qualified for these positions or that anybody at anytime indicated to Ms. Boyer that her interview on August 22, 2002 was for more than one (1) position with Riverhead." *Id.* In opposition, Plaintiff's counsel argues that Defendants' attempt to limit discovery of items Plaintiff needs to prove her case at this early stage of the litigation is improper. Plaintiff notes that Defendants' motion "is an attempt at the equivalent of a summary dismissal before a summary judgment motion is even proper." [DE 29]

In his Affidavit, Lodengaard states that "in the summer of 2002, three (3) music positions were available in the music department at Riverhead." Lodengaard Aff. ¶ 3. The three positions were "middle school teacher (band), middle school music teacher (chorus) and elementary school music teacher at Pulaski Street Elementary School. *Id.* Lodengaard states that he scheduled "separate interviews on different days and at different locations of those individuals" he believed were "qualified for each of the aforementioned positions." *Id.* Lodengaard states that at no time did he set up an interview for Plaintiff for either the middle school teacher (band) or the middle school music teacher (chorus) positions. Lodengaard Aff. ¶ 3. Lodengaard adds that in the summer of 2002, the personnel department at Riverhead placed an advertisement in *The New York Times* for the position of elementary school music teacher at Pulaski Street Elementary School. Lodengaard Aff. ¶ 5. Defendants' counsel provided a copy of this advertisement which states in pertinent part that "Riverhead Central School District has openings in the following areas General Music/Vocal and/or Strings {Elementary}." Ex. B [DE 25]. In addition,

Defendants' counsel provided a copy of Plaintiff's August 22, 2002 job application in which she lists the position she is applying for as "Elementary Music (Choral/General)."

In contrast, Plaintiff testified at her section 50(h) hearing that she applied for multiple positions:

> Q: Do you recall what the advertisement said in substance, not necessarily verbatim?
>
> A: It was advertising for music teachers, three music teachers, one instrumental, one vocal music for elementary and one general music.
>
> Q: I don't recollect whether or not it advertised the three positions, but that's what I was told when I went to the interview. It advertised positions for music teachers.

Tr. at 6.

The advertisement placed by the School District is not a model of clarity. Apart from the inherent ambiguities contained in the advertisement itself, Plaintiff stated at her section 50(h) hearing that during the interview process, certain information was conveyed to her concerning the positions. For example,

> Q: Did any of the persons in the room tell you what position you were being interviewed for at that moment?
>
> A: No. They said there were three positions, one instrumental, which of course, is not my area of certification. There were two positions that I could have been hired for, elementary vocal, which they told me was available and a general music piano accompaniment. Two of the three I was certified for.
>
> \*   \*   \*
>
> Q: Was it your understanding all three were elementary school positions?
>
> A: Yes.

5

<pre>
                        *       *       *

        Q:      Did anyone other than the principal indicate that those three positions were
                open and being interviewed for?

        A:      I believe they all indicated, you know, by nodding their heads yes. There
                were seven candidates for the three jobs.
</pre>

Tr. at 15, 19.

Applying the test set forth in *Apex Oil*, I am required to weigh the competing interests asserted here. "The appropriateness of protective relief from discovery depends upon a balancing of the litigation needs of the discovering party and any countervailing protectible interests of the party from whom discovery is sought." *Apex Oil Co.*, 110 F.R.D. at 496 (citing *Marrese v. American Academy of Orthopedic Surgeons*, 726 F.2d 1150, 1159 (7th Cir. 1984)). Where a party establishes that disclosure of the requested information could cause injury to it or otherwise thwart desirable social policies, "the discovering party will be required to demonstrate that its need for the information, and the harm that it would suffer from the denial of such information, outweigh the injury that disclosure would cause either the other party or the interest cited by it." *Apex Oil Co.*, 110 F.R.D. at 496. On the one hand, Defendants claim a "fishing expedition" --- this claim as it stands is devoid of the threats of injury that disclosure could cause. Nor have Defendants shown any other valid privilege or reason warranting the imposition of a protective order. *See, e.g.*, *Buckley v. Valeo*, 424 U.S. 1, 64-65, 96 S.Ct. 612, 656-659, 46 L.Ed.2d 659 (1976) (First Amendment chill); *O'Connor v. Chrysler Corp.*, 86 F.R.D. 211, 217 (D. Mass. 1980) (employer self-critical analysis privilege); *Bredice v. Doctor's Hospital, Inc.*, 50 F.R.D. 249 (D.D.C. 1970); *Gillman v. United States*, 53 F.R.D. 316 (S.D.N.Y. 1971) (hospital self-evaluation); *Apex Oil Co.*, 110 F.R.D. 490 (investigative materials privilege). Indeed,

Defendants have not shown any protectible interest warranting imposition of a protective order. Nor have Defendants shown the type of annoyance, embarrassment, oppression, or undue burden or expense required by Rule 26(c).

On the other hand, Plaintiff alleges that she applied for three available music positions. *See* Compl. ¶ 13. Plaintiff's counsel correctly asserts that granting Defendants' motion at this juncture would sound the death-knell for two of Plaintiff's material allegations before she has been able to obtain discovery to support them. The Second Circuit has held that "genuine issues of material fact which cannot be resolved on affidavits remain for determination after trial." *Judge v. City of Buffalo*, 524 F.2d 1321, 1323 (2d Cir. 1975). A fundamental maxim is that the court cannot try issues of fact, rather it can only determine whether there are issues to be tried. *Heyman v. Commerce & Industry Ins. Co.*, 524 F.2d 1317, 1319-1320 (2d Cir. 1975). Clearly, there are disputed facts here regarding the positions the Defendants sought to fill.

In light of the conflicting sworn statements of both Plaintiff and Lodengaard, I find that granting Defendants' motion at this juncture would be tantamount to an impermissible finding of facts that have yet to be tested. At these early stages of discovery, it is premature to declare on these facts that the topics Defendants seek to preclude should be off-limits for discovery purposes. Even at the summary judgment stage of a litigation, courts have held that certain facts, such as the timing of a plaintiff's job application, constitute a "material issue of fact" warranting denial of a motion for summary judgment. *See Grant v. Bethlehem Steel Corp.*, No. 76-CV-847, 1976 WL 603, at *1 (S.D.N.Y. July 29, 1976).

The Court takes no position as to the facts presented thus far. Based on the information provided to the Court on this issue, Defendants have not met their burden to establish a need for

a protective order limiting the scope of discovery. Therefore, Plaintiff is entitled to pursue the discovery demanded on this issue.

## IV. CONCLUSION

Based on the foregoing, Defendants' motion for a protective order is DENIED.

**SO ORDERED.**

Dated: Central Islip, New York
March 7, 2007

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge